PER CURIAM.
Supreme Court of Florida Tallahassee
September 11, 1957
Honorable LeRoy Collins
Governor of Florida
State Capitol
Tallahassee, Florida
Dear Sir:
We have your letter of September 5, 1957, which, omitting formal parts, reads as follows:
“Under section 6, article IV, of the state constitution [F.S.A.], I am directed to take care that the laws of this state are faithfully executed; and under section 13 of said article IV, I am authorized to request the written opinion of the Justices of the Supreme Court as to the interpretation of any portion of the state constitution concerning any question affecting my executive duties and powers.
“In 1955 the Legislature passed Committee Substitute for House Joint Resolution No. 810. This‘resolution proposed the revision of article V of the constitution of the State of Florida relating to the Judicial Department of the Government. The constitutional amendments proposed therein were adopted at the General Election held on November 6, 1956.
“Section 9 of article V of the state constitution, as amended, relates to criminal courts of record. The second unnumbered paragraph of subsection (a) of said section provides:
“ ‘In any county having a population in excess of 125,000 and not more than 250,000, according to the last decennial federal census, or census authorized by the legislature and paid for by the county, the legislature may provide for an additional judge of the criminal court of record for such county, provided that any law having for its pur *905 pose the creating of an additional judge of said court in such county shall not become effective unless ratified by a majority of the participating voters of such county in an election presenting the same for approval or rejection. In any county having a population of more than 250,000 according to such census, the legislature may, without referendum thereon, provide for one additional county judge for each additional 250,000 of population or major fraction thereof.’ (Emphasis Supplied)
“Similar provisions of the second unnumbered paragraph of subsection 7(b) of said article V, relate to county judges, and the concluding sentence thereof: ‘In any county having a population of more than two hundred and fifty thousand according to such census, the legislature may, without referendum thereon, provide for one additional county judge for each additional 250,000 of population or major fraction thereof.’ (Emphasis Supplied)
“The original Joint Resolution No. 810 was introduced in the House of Representatives on April 29, 1955, as is shown from the Journal of that day. The provisions relating to the judges of the criminal court of record here under consideration do not appear in that text.
“In 1957 the Legislature passed Chapter 57-882 which purports to he an enabling act creating and establishing the offices of two additional judges in and for the criminal court of record as provided for in said article V of the constitution.
“Sections 1 and 2 of Chapter 57-882, Laws of Florida, 1957, are quoted:
“ ‘Section 1. Judges. — There is hereby created and established the offices of two (2) additional judges in and for the criminal court of record, as provided for by Article V Constitution of Florida, in each county of this state having a population of more than four hundred fifty thousand (450,000), by the latest statewide official census and having a population in excess of seven hundred thousand (700,000) according to any census heretofore or hereafter authorized by the legislature.
“ ‘Section 2. Appointment. — As soon as practical after the effective date of this act the governor shall appoint two (2) qualified persons to the offices created by this act, whose term shall expire on the first Tuesday after the first Monday in January, 1959.’
“Chapter 57-882 has further provisions relating to said courts and the judges thereof, concluding with Section 13, which provides : ‘This act shall take effect upon the first day of October, 1957.’
“In light of the above, I am uncertain as to the proper answer to the following question affecting my executive powers and duties under the state constitution, and respectfully require the opinion of the Justices of the Supreme Court with respect thereto:
“In view of the language of section 9 (a), article V of the constitution, can I lawfully appoint the two additional judges provided for by Chapter 57-882, Laws of Florida, 1957?”
We understand your question as requesting an interpretation of Article V, section 9(a) of the Florida Constitution. More particularly, it requests an interpretation of the last sentence in section 9 (a) : “In any county having a population of more than 250,000 according to such census, the legislature may, without referendum thereon, provide for one additional county judge for each additional 250,000 of population or major fraction thereof.” (Emphasis supplied.)
The sentence quoted above should be read as if the term, “county,” modifying, “judge,” were stricken and the term, “of the criminal court of record,” inserted following the word, “judge.”
We arrive at this conclusion because we must assume that every sentence of a con *906 stitution is designed to have some effect. If the term, “county,” were accepted to modify, “judge,” in the questioned sentence, the sentence could serve no useful purpose, since the last sentence in Article V, section 7(h) (which provides for county judges) is exactly the same. Article V, section 9, which contains the questioned sentence, deals solely with criminal courts of record, if the anomalous reference to a county judge is stricken. Bearing in mind the extreme caution which must accompany any construction of the organic law of this State, it is our opinion that in the context of Article V, section 9, the questioned sentence provides for additional judges of the criminal court of record.
Respectfully,
ELWYN THOMAS,
Acting Chief Justice,
B. K. ROBERTS,
E. HARRIS DREW,
CAMPBELL THORNAL,
STEPHEN C. O’CONNELL, Justices.